HAVENS et al. v. BURNS.

(Circuit Court, E. D. Pennsylvania. June 13, 1911.)

No. 635.

1. PATENTS (§ 285*)—CAUSES OF ACTION—JOINDER—INFRINGEMENT OF PATENT—UNFAIR COMPETITION.
    Where there was requisite diversity of citizenship sufficient to give a federal court jurisdiction, it was proper to join in one bill a cause of ac-

---

tion for infringement of a design patent and for unfair competition in trade.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 445; Dec. Dig. § 285.*]

2. EQUITY (§ 149*)—MULTIFARIOUSNESS—COMPLAINANTS — INTEREST — DEMURRER.

Possible lack of title or interest in the subject-matter of a suit, so far as one of the complainants is concerned, which could not injuriously affect the defense, cannot be determined on demurrer to the bill on the ground of multifariousness of parties.

[Ed. Note.—For other cases, see Equity, Dec. Dig. § 149.*]

In Equity. Suit by Morton Havens, Jr., and another, against James F. Burns. On demurrer to bill. Overruled.

Parsons, Hall & Bodell, for complainants.
Howson & Howson, for defendant.

J. B. McPHERSON, District Judge. [1] It is clear, I think, that infringement of the trade-mark "Condulet" is not charged, and is therefore not before the court. The bill rests on two grounds only, infringement of a design patent and unfair competition in trade, and I see advantage rather than objection in dealing with such controversies in one suit, where the parties are the same and the controversies are really only different aspects of the same facts. In the pending cause the Circuit Court has undoubted jurisdiction to hear both disputes, because the bill discloses the necessary diversity of citizenship.

[2] Whether Havens has transferred the whole of his interest in the patent to the other plaintiff, and whether he has any interest in the trade that is alleged to be interfered with, need not be determined now. It is not apparent that his possible lack of title or of interest can injuriously affect the defense, and the final decision of these questions may therefore stand over for the present. Where it is clear that one or more of several defendants have been erroneously included, it may be proper to grant relief on demurrer; but if it be a plaintiff's standing that is doubtful, ordinarily no harm is done by awaiting further light on that subject. This objection of multifariousness, either of subject-matter or of parties, can scarcely ever be determined by hard and fast rules. In the case before the court I see no serious objection to the bill as it stands. Much of the defendant's ingenious argument amounted in essence either to an attack on the validity of the patent, or to a defense of the defendant's design on the ground that it does not infringe, although his brief admits for present purposes the validity of the patent, and although I think it clear that the infringing character of a defendant's device can rarely be determined with safety at this stage of a suit.

The demurrer is overruled, and the defendant is directed to answer within 20 days.